## GATFIELD v IRVIN et

Ohio Appeals, 2nd Dist, Miami Co

No 282.   Decided Dec 10, 1931

Faust & Faust, Troy, for plaintiff in error.

Shipman & Shipman, Troy, for Joseph W. Irvin.

G. V. Frome, Urbana, for Irvin B. Minnich.

A. W. DeWeese, Piqua, for defendant in error.

ALLREAD, PJ.

The question is therefore who is liable for the payment of the funeral expenses and who among those liable is primarily liable. It may be conceded (1) that the estate of Amelia Minnich is liable for such payment by the terms of §10724 GC, and (2) By the terms of the will, §10724 GC, provides:

"For the payment of funeral expenses of the decedent and makes it a preferred claim against her estate."

The will also provides as follows:

"My will is that all my just debts and funeral expenses shall be paid out of my estate as soon after my decease as it be found convenient."

Irvin B. Minnich claims that as the husband his liability under the common law for the payment of funeral expenses is a secondary liability.

There is no statement in the legislative provision as to the priority of the claim against the widow, nor is there any statement in the will to indicate as to priority. The question of priority must therefore be worked out from the nature of the various provisions.   Our Supreme Court in the case of **McClellan v Filson, 44 Oh St, 184,** holds that:

"Section 6090 (**10714 GC**) revised statutes, which directs the payment of funeral expenses and those of last sickness, may apply to the estate of a deceased married woman, though such deceased left surviving her a husband having property."

This provision does not expressly provide as to whether the statutory liability of the estate is the principal fund or whether the common law liability of the husband is first in priority.   Some of the language in the opinion seems to indicate that the statutory provision is primarily liable although in subsequent parts of the opinion it would indicate that such question of priority was not decided.

In decisions of the lower courts there is a conflict.   The case of Clawson v Briggs, 16 C.C. (N.S.) 225 holds that:

"The estate of a married woman, who dies leaving property, is primarily liable for her funeral expenses, and where the husband pays them he may recover them from her administrator."

This decision is squarely in point in the present case.   In an unreported case recently decided by the first Appellate District it was held that the estate is primarily liable for the payment of the funeral expenses and that under the common law the husband is secondarily liable.   In the case of

Lee v Hempy reported in 31 OLR, 576 it was held that the common law liability of a husband for the funeral expenses of his wife still exists and may be enforced notwithstanding a provision in her will that her funeral expenses shall be paid out of her estate.

This decision is consistent with the decision of Clawson, Admr v Briggs. An article by Mr. John A. McIntyre in the University of Cincinnati Law Review discusses this question. The conclusion of this article is as follows:

"The practically unanimous view of other jurisdictions is that the provision of the will of the wife makes the funeral expenses a primary obligation of her separate estate no matter what the result in the absence of will. If the husband pays the undertaker he has the right to recover from the executor if the wife's estate is sufficient to discharge the obligation."

Judge Rockwell, an eminent authority, in his book on Probate Practice, §649 states the law as follows:

"The widow is entitled to be reimbursed for money advanced to pay such expenses (funeral expenses, etc.), even though she at the time declares that she will make no claim on the estate."

We think the rule is that the estate is primarily liable. The Court of Common Pleas having held that the estate is primarily liable its judgment will be affirmed.

HORNBECK and KUNKLE, JJ, concur.